## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BRENDA HIGGINS** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-03257** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS and** | § | |
| **JOSEPH BULLINER** | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("Defendant"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 212th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, Defendant would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.      On July 19, 2019, Plaintiff filed this action against State Farm Lloyds ("State Farm") and Joseph Bulliner ("Bulliner") (collectively "Defendants") in the 212th Judicial District Court of Galveston County, Texas.  The state court cause number is 19-CV-1312 ("State Court Action").  In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief over $200,000. (*See* Pl.'s Original Pet. ¶ 5.) State Farm was served on July 29, 2019.  Bulliner was served on July 29, 2019. Defendants filed their answer on August 19, 2019.

2.      In accordance with 28 U.S.C. § 1446, Defendants file this Notice of Removal to remove the State Court Action from the 212th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed

to him in accordance with his insurance policy for damage to his home and other property caused

by a storm that hit on August 27, 2017. (*See* Pl.'s Original Pet. ¶¶ 8–10.) Plaintiff asserts causes

of action for breach of contract and for violations of Chapters 541 and 542 of the Texas Insurance

Code, breach of the common law duty of good faith and fair dealing, and violations of the Texas

Deceptive Trade Practices Act. (*Id*. at ¶¶ 15–24.)

4.      Plaintiff also assert claims against Builliner as the individual adjuster on the claim.

(*Id*. at ¶ 11.) Plaintiff alleges that Bulliner's unreasonable investigation let to the underpayment of

Plaintiff's claim. (*Id*. at ¶ 12.) Plaintiff asserts causes of action for violations of Chapter 541 and

542 of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing,

and violations the Texas Deceptive Trade Practices Act. (*Id*. at ¶¶ 18–24.)

## III.
## BASIS OF REMOVAL

5.      The Southern District of Texas has jurisdiction over this action, pursuant to 28

U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy

exceeds $75,000, exclusive of interests and costs.

6.      First, the parties are diverse. At all relevant times, Plaintiff was, and continues to

be, a Texas citizen. (*See* Pl.'s Original Pet. at ¶ 1.)  State Farm is an association of individual

underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined

and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated

association is determined by the citizenship of each member of the entity, not by the state where

the entity is organized.  *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir.

1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

7.     Additionally, Joseph Bulliner was at the time the action was commenced, and still is, a resident of the state of Illinois.

8.     Second, the amount in controversy exceeds $75,000. Plaintiff is seeking damages in excess of $200,000. Specifically, Plaintiff is seeking damages between $200,0000 and $1,000,000. (*See* Pl.'s Original Pet. ¶ 5.) Thus, removal to the Southern District of Texas is proper.

**IV.**
**REMOVAL PROCEDURES**

8.     On July 19, 2019, Plaintiff filed this case against Defendants in the 212th Judicial District Court of Galveston County, Texas. State Farm was served on July 29, 2019.  Bulliner was served on July 29, 2019. Defendants filed their Answer on August 19, 2019. This Notice of Removal is being timely filed on August 28, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when Defendants received service and within one year from the commencement of this suit. *See 2*8 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

9.     The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind and which forms the basis of Plaintiff's lawsuit, is located in Galveston County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Galveston County. *See* 28 U.S.C. § 1441(a). Galveston County is within the jurisdictional limits of the Houston Division. *See* 28 U.S.C. § 124(b)(2).

10.     All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Galveston County District Clerk's Office and served on the Plaintiff.

11.     A jury fee was paid in state court and Defendants hereby request a jury trial in this cause of action.

**V.**
**PRAYER**

12.     Defendants respectfully request that the above-styled action now pending in the 212th Judicial District Court of Galveston County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for Defendants and against Plaintiff, that Defendants recover its costs, and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:   _____
**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 28th day of August, 2019.

Jason M. Byrd                                      <u>VIA CM/ECF</u>
THE BYRD LAW FIRM, P.C.
448 Orleans Street
Beaumont, Texas 77701
Jason@txbyrd.com


_____
**DALE M. "RETT" HOLIDY**

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

1.    Jason M. Byrd
THE BYRD LAW FIRM, P.C.
448 Orleans Street
Beaumont, Texas 77701
Jason@txbyrd.com
(409) 924-0660 – Telephone
(409) 409-0035 - Facsimile
***Attorneys for Plaintiff***

2.    Dale M. "Rett" Holidy
rholidy@germer.com
Lauren N. Herrera
lherrera@germer.com
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
***Attorneys for Defendants***

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### AMELIA GAMEZ VS. STATE FARM LLOYDS

    (a)    Plaintiff's Original Petition
    (b)    Return Citation for State Farm
    (c)    Return Citation for Joseph Bulliner
    (d)    Defendants State Farm Lloyds and Joseph Bulliner's Original Answer
    (e)    Docket Sheet

Filed: 7/19/2019 1:42 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 35275317
By: Valerie Millican
7/19/2019 2:07 PM

19-CV-1312

## CAUSE NO. _____

| | | |
|---|---|---|
| BRENDA HIGGINS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS and | § | Galveston County - 212th District Court |
| JOSEPH BULLINER | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRENDA HIGGINS, Plaintiff herein, who files this her Original Petition against Defendant, STATE FARM LLOYDS and JOSEPH BULLINER, and for cause of action would respectfully show the Court as follows:

### I.
### THE PARTIES

1.    Plaintiff, BRENDA HIGGINS, is an individual who resides in Galveston County, Texas.

2.    Defendant, STATE FARM LLOYDS, is a Texas insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Attorney for Service, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

3.    Defendant, JOSEPH BULLINER (hereinafter "BULLINER"), is an adjuster registered with the State of Texas and has designated Texas as his home state, and may be served with citation at his place of employment, One State Farm Plaza No. A-2, Bloomington, IL 61710.

Status conference set for 10-10-19 emailed to atty by vym

## II.
## DISCOVERY

4.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the

Texas Rules of Civil Procedure. This case involves complex issues and will require extensive

discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in

accordance with a discovery control plan tailored to the particular circumstances of this suit.

## III.
## CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court. Plaintiff

currently seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including

damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and

unwarranted objections, file needless motions, quash depositions and discovery requests without

a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special

exceptions, hire individuals they claim to be "experts" who give false opinions or testimony,

produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly

delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000.00

but not more than $1,000,000.00.

## IV.
## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it

involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

No diversity of citizenship exists in this matter.

7.     Venue is proper in Galveston County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County. In particular, the loss at issue occurred in Galveston County.

## V.
## FACTUAL BACKGROUND

8.     Plaintiff is the named insured under a property insurance policy issued by STATE FARM LLOYDS, for property located at 306 Old Bayou Drive, Dickinson, TX 77539.

9.     On or about August 27, 2017 a storm hit the Dickinson, Texas area, damaging Plaintiff's house and property.  Plaintiff subsequently filed a claim on her insurance policy. Defendant assigned claim number 53-1245-H23 to Plaintiff's claim.

10.     Defendants improperly denied and/or underpaid the claim.

11.     BULLINER was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     BULLINER's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, STATE FARM LLOYDS and BULLINER performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.   Breach of Contract (STATE FARM LLOYDS Only)**

15.   STATE FARM LLOYDS had a contract of insurance with Plaintiff, STATE FARM LLOYDS breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.   Prompt Payment of Claims Statute (STATE FARM LLOYDS Only)**

16.   The failure of STATE FARM LLOYDS to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.   Plaintiff, therefore, in addition to Plaintiffs' claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.   Bad Faith/DTPA (STATE FARM LLOYDS and BULLINER)**

18.   Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.   Defendants violated § 541.051 of the Texas Insurance Code by:

(1)   making statements misrepresenting the terms and/or benefits of the policy.

20.   Defendants violated § 541.060 by:

(1)   misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

4

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.    Defendants violated § 541.061 by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

22.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.    Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)    Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    STATE FARM LLOYDS failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such

5

information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)  STATE FARM LLOYDS, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that STATE FARM LLOYDS took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.  Defendants knowingly committed the acts complained of herein.  As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

25.  Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.  Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.  Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

28.　　All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII.
## DISCOVERY REQUESTS

29.　　Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

30.　　You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing of the case, they recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE BYRD LAW FIRM, P.C.**

_____

**Jason M. Byrd**
**State Bar No. 24036303**
**Jason@txbyrd.com**
**448 Orleans Street**
**Beaumont, Texas  77701**
**(409) 924-0660/(409) 924-0035**
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

_____

Jason M. Byrd

8

19-CV-1312

Filed: 8/8/2019 8:11 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 35789831
By: Rolande Kain
8/8/2019 9:30 AM

THE STATE OF TEXAS
212ʰ JUDICIAL DISTRICT COURT
OF GALVESTON COUNTY, TEXAS

| | | |
|---|---|---|
| Brenda Higgins | § | |
| Vs. | § | No. 19-CV-1312 |
| State Farm Lloyds et al | § | |

## AFFIDAVIT OF RETURN OF SERVICE BY AUTHORIZED PERSON

STATE OF TEXAS

COUNTY OF JEFFERSON

BEFORE ME, the undersigned authority, on this day personally appeared KATHY KEATH who, being sworn, did depose as follows:

"My name is KATHY KEATH. I am over 18 years of age, of sound mind and fully qualified to make this affidavit, and have never been convicted of a crime. I have personal knowledge of the facts stated below.

"Attached is the following true and correct copy of the citation which I served via Certified Mail, Return Receipt Requested, on the following Defendant:

Joseph Bulliner ...................................................................................... Exhibit A
State Farm Lloyds.................................................................................... Exhibit B

"Further affiant sayeth not."

_KATHY KEATH_

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this ___6___ day of _August_ , 20_19_ , to certify which witness my hand and seal of office.

_NOTARY PUBLIC_

JENNIFER BARTON
Notary Public, State of Texas
Comm. Expires 01-19-2023
Notary ID 130081828

## CITATION
### THE STATE OF TEXAS

BRENDA HIGGINS VS. STATE FARM LLOYDS ET AL

Cause No.: 19-CV-1312
212th District Court of Galveston County

TO:   **State Farm Lloyds**
      **c/o Corporation Service Company**
      **211 East 7th Street, Suite 620**
      **Austin, TX  78701**

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **July 19, 2019**. It bears cause number **19-CV-1312** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 19th day of July, 2019.**

Issued at the request of:
Jason M Byrd
448 Orleans
Beaumont TX 77701



**John D. Kinard**, District Clerk
Galveston County, Texas

By: *Robin Gerhardt*

Robin Gerhardt, Deputy

**SEE ATTACHED STATUS CONFERENCE FORM**
*NOTE: Status Conference set: 10/10/19 at 9:00 am*

OFFICER/AUTHORIZED RETURN

Came to hand on the 23 day of July, 20 19 at ____ o'clock ___. M. and executed at 2615 Culder Ste 111 Beaumont, TX 77702 in Gafferson County, Texas , on the 29 day of July, 20 19 at ____ o'clock ___ m, by delivering to CSC in person a true copy of this Citation together with the accompanying ____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the 6 day of August, 2019.

Fee-Serving: _____

Amount 35.00

_____
Sheriff/Constable
_____ County, Texas

BY: *Kathy Keath*
Authorized Person/Deputy Signature

On this day personally appeared *Kathy Keath* , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this 6 day of August 20 19

*Jennifer Barton*
Notary Public

> JENNIFER BARTON
> Notary Public, State of Texas
> Comm. Expires 01-19-2023
> Notary ID 130081828





**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified
☐ Adult Sig
☐ Adult Sig

Postage
$

Total Post
$

Sent To          State Farm Lloyds
                 Serv: CSC
Street and       211 East 7th Street, Ste. 620
City, State      Austin, Tx 78701

7018 2290 0001 3416 4565

7/23

Postmark

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds
Serv: CSC
211 East 7th Street, Ste. 620
Austin, Tx 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   Kyle Ratzlaff                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)        C. Date of Deliv
    JUL 2 9 2019
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

    Kyle Ratzlaff

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                     ☐ Registered Mail Restr Delivery
☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise
☐ Collect on Delivery                 ☐ Signature Confirmatio
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmatio Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

2. Article Number (Transfer from service label)
7018 2290 0001 3416 4565

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Recei

Filed: 8/8/2019 8:11 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 35789831
By: Rolande Kain
8/8/2019 9:30 AM

THE STATE OF TEXAS
212ʰ JUDICIAL DISTRICT COURT
OF GALVESTON COUNTY, TEXAS

| | | |
|---|---|---|
| Brenda Higgins | § | |
| Vs. | § | No. 19-CV-1312 |
| State Farm Lloyds et al | § | |

## AFFIDAVIT OF RETURN OF SERVICE BY
## AUTHORIZED PERSON

STATE OF TEXAS

COUNTY OF JEFFERSON

BEFORE ME, the undersigned authority, on this day personally appeared KATHY KEATH who, being sworn, did depose as follows:

"My name is KATHY KEATH. I am over 18 years of age, of sound mind and fully qualified to make this affidavit, and have never been convicted of a crime. I have personal knowledge of the facts stated below.

"Attached is the following true and correct copy of the citation which I served via Certified Mail, Return Receipt Requested, on the following Defendant:

Joseph Bulliner ........................................................................................ Exhibit A
State Farm Lloyds..................................................................................... Exhibit B

"Further affiant sayeth not."

*Kathy Keath*
KATHY KEATH

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this _6_ day of _August_, 20 _19_, to certify which witness my hand and seal of office.

*Jennifer Barton*
NOTARY PUBLIC


JENNIFER BARTON
Notary Public, State of Texas
Comm. Expires 01-19-2023
Notary ID 130081828

## CITATION

### THE STATE OF TEXAS

BRENDA HIGGINS VS. STATE FARM LLOYDS ET AL

Cause No.: 19-CV-1312
212th District Court of Galveston County

TO:   Joseph Bulliner
      One State Farm Plaza No. A-2
      Bloomington, IL  61710

---

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **July 19, 2019**. It bears cause number **19-CV-1312** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 19th day of July, 2019.**

Issued at the request of:
Jason M Byrd
448 Orleans
Beaumont TX 77701



John D. Kinard, District Clerk
Galveston County, Texas

By:   *Robin Gerhardt*
      Robin Gerhardt, Deputy

**SEE ATTACHED STATUS CONFERENCE FORM**
*NOTE: Status Conference set: 10/10/19 at 9:00 am*

---

### OFFICER/AUTHORIZED RETURN

Came to hand on the 23 day of July, 2019 at _____ o'clock ___. M. and executed at 2615 Calder Ste 111 in Beaumont, Jefferson County, Texas, on the 29 day of July, 2019 at _____ o'clock ___ m, by delivering to _____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the 1 day of August, 2019

Fee-Serving: _____

Amount: 35.00

_____ County, Texas
                          Sheriff/Constable

BY: *Kathy Keith*
    Authorized Person/Deputy Signature

On this day personally appeared *Kathy Keith*, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this 6 day of August, 20 19

*Jennifer Barton*
Notary Public

---

JENNIFER BARTON
Notary Public, State of Texas
Comm. Expires 01-19-2023
Notary ID 130081828

A

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage
$

Total
$

Sent To
Joseph Bulliner

Street
One State Farm Plaza No. A-2

City, State, ZIP+4
Bloomington, IL 61710

7/23/19

7018 2290 0001 3416 4572

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph Bulliner
One State Farm Plaza No. A-2
Bloomington, IL 61710

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Mike Hoback_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Mike Hoback   JUL 2 9 2019

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7018 2290 0001 3416 4572

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Filed: 8/19/2019 11:59 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 36069997
By: Ann Vaughn
8/20/2019 8:41 AM

## CAUSE NO. 19-CV-1312

| | | |
|---|---|---|
| **BRENDA HIGGINS** | § | **IN THE DIST5RICT COURT OF** |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS and** | § | |
| **JOSEPH BULLINER** | § | **212TH JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **STATE FARM LLOYDS and JOSEPH BULLINER**, Defendants in the above-entitled and numbered cause, and file their Original Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemental petitions filed against Defendants, and shows as follows:

### I.
### GENERAL DENIAL

Defendants generally deny all material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demand strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.     **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Plaintiff also bears the burden to segregate damages occurring from an accidental direct physical loss and those that do not.  Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claims that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

6.      **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged storm.

7.      **Water Damage and/or Neglect.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

2.      c. Water, meaning:

(1) flood, surface water, waves (including tidal wave, tsunami, and seiche), tides, tidal water, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;

(2) water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;

(3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

(4) material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

However, we do insure for any direct loss by fire, explosion or theft resulting from water, provided the resulting loss is itself a Loss Insured.

Plaintiff appears to be claiming that she has suffered interior damage that resulted, in whole or in part, from water damage or neglect, which condition is specifically excluded under the policy at issue.

**8.     Bona Fide/Legitimate Dispute.**  There is at most only a bona fide dispute between Plaintiff and Defendants, which precludes Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**9.     Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves Defendants' liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

10.     **Chapter 38 Attorney's Fees**.   Plaintiff cannot recover attorney's fees from Defendants under Chapter 38 of the Texas Civil Practice and Remedies Code.   "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."   Tex. Civ. Prac. & Rem. Code § 38.001(8).   Chapter 38 does not apply to State Farm because it is an unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

11.     **Proof of Loss.**   Defendants would show that Plaintiff failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in §542.056 of the Texas Insurance Code.   Based upon the pleadings and discovery completed to date, Plaintiff is claiming a scope of damage that exceeds the scope of damage identified by Plaintiff during the claim handling process.

## III.
## SPECIAL EXCEPTIONS

12.     **Failure to Set Forth Specific Claims/Facts – Breach of Contract**.   State Farm specially excepts to Plaintiff's Petition because the vague and indefinite breach of contract claim fails to provide fair notice of: (1) the facts of the loss or losses allegedly sustained by Plaintiff; (2) the facts showing Plaintiff's alleged loss or losses were covered under the terms of the Insurance Policy at issue; and (3) the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff.   *Subia v. Texas Dep't of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the plaintiffs to specifically plead a cause of action which was originally pleaded in general terms).   Accordingly Plaintiff should be required to amend her claim for breach of contract and state with particularity:

(1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question; (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

13.      **Failure to Identify the Date the Breach of Contract Occurred**.  State Farm specially excepts to Plaintiff's Petition in its entirety because it is impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred.  Therefore, Plaintiff should be required to file an amended pleading setting forth the date the alleged breach of contract occurred.

14.      **Failure to Set Forth Specific Claims/Facts – Breach of Duty of Good Faith and Fair Dealing**.  State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims for breach of the duty of good faith and fair dealing set forth therein fail to give State Farm fair notice of the bad faith claims, if any, against it.  Plaintiff has failed to give fair and adequate notice of facts and evidence upon which she bases such claims.  Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

15.      **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.**  Defendants specially except to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding Defendants' alleged violations of Chapter 541 of the Texas Insurance Code are deficient.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the Texas Insurance Code.  Moreover, Plaintiff failed to give Defendants fair notice of the facts and circumstances supporting the alleged Insurance Code violations.  *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff should be required to file an amended pleading which sets forth

facts to support her claims for Defendants' alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

16.     **Failure to Set Forth Specific Claims/Facts — Chapter 542 of the Texas Insurance Code.**  State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Section 542.060 of the Texas Insurance Code are deficient. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff failed to give fair notice of the facts and circumstances supporting the violations she has asserted in her Petition.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of P Plaintiff's Petition claim for Defendants' alleged violations of Section 542.060 of the Texas Insurance Code violations, as well as damages related thereto.

17.     **Failure to Set Forth Specific Claims/Facts — Texas Deceptive Trade Practices Act.**  Defendants specially except to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding Defendants' alleged violations of the DTPA are inadequate.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the DTPA. Moreover, Plaintiff failed to give Defendants fair notice of the facts and circumstances supporting the alleged DTPA violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for Defendants' alleged violations of the DTPA, as well as damages related thereto.

18.     **Failure to Set Forth Specific Claims/Facts — Fraud/Negligent Misrepresentation.**  State Farm specially excepts to Plaintiff's Petition because Plaintiff failed to provide facts to support her allegation that State Farm either intentionally or unintentionally

engaged in any sort of fraudulent behavior (in the affirmative or through concealment) which caused Plaintiff to sustain damages.   More particularly, Plaintiff wholly failed to reasonably specify what material misrepresentations State Farm made to Plaintiff (or kept from Plaintiff), how Defendants did so with the legally required mens rea; and how Plaintiff was damaged as a result thereof.

**19.     Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**.  Defendants specially excepts to Plaintiff's Petition because Plaintiff failed to provide facts to support her allegation Defendants acted wrongfully with knowledge and intent to cause harm.  Pleading sufficient facts is necessary to inform Defendants of what it is called upon to answer and to enable Defendants to prepare its defense.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

**20.     Failure to Set Forth Specific Claims/Facts – Plaintiff's Claim for Attorney's Fees for Breach of Contract.**   Defendants specially excepts to Plaintiff's Petition because Plaintiff has/have failed to provide a statutory basis for seeking attorney's fees against Defendants. Further, Plaintiff has failed to provide sufficient notice of facts, sufficient demand or the amount of attorney's fees incurred for the purpose of satisfying the requirements of Texas Civil Practice and Remedies Code Chapter 38.

**IV.**
**RIGHT TO AMEND**

Defendants reserve the right to amend this Answer pursuant to the Texas Rules of Civil Procedure.

## V.
## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff takes nothing, and that Defendant recovers costs, fees, and expenses, and for such other further relief to which Defendant may show to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
**LAUREN N. HERRERA**
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com
lherrera@germer.com

**ATTORNEY FOR DEFENDANTS,**
**STATE FARM LLOYDS AND**
**JOSEPH BULLINER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 19th day of August, 2019.

Jason M. Byrd                                                    **V<small>IA</small> E-F<small>ILE</small>**
T<small>HE</small> B<small>YRD</small> L<small>AW</small> F<small>IRM</small>, P.C.
448 Orleans Street
Beaumont, Texas 77701
Jason@txbyrd.com


_____
**DALE M. "RETT" HOLIDY**

## Case Information

19-CV-1312 | Brenda Higgins vs. State Farm Lloyds Et Al

| Case Number | Court | Judicial Officer |
|---|---|---|
| 19-CV-1312 | 212th District Court | Grady, Patricia |
| File Date | Case Type | Case Status |
| 07/19/2019 | Contract - Debt - Commercial/Consumer | Active |

## Party

**Plaintiff**
Higgins, Brenda

**Address**
448 Orleans
Beaumont TX 77701

Active Attorneys ▼
Lead Attorney
Byrd, Jason M
Retained

---

**Defendant**
State Farm Lloyds

**Address**
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin TX 78701

Active Attorneys ▼
Lead Attorney
Holidy, Dale M.
"rett"
Retained

---

**Defendant**
Bulliner, Joseph

**Address**
One State Farm Plaza No. A-2
Bloomington IL 61710

Active Attorneys ▼
Lead Attorney
Holidy, Dale M.
"rett"
Retained

---

## Events and Hearings

07/19/2019 Original Petition - OCA ▾

Plaintiff Original Petition

Comment
Plaintiff's Original Petition

07/19/2019 Request for Civil Service ▾

Request for Service

Comment
2 e-citations to issue assigned to Robin G> for issuance

07/19/2019 Status Conference Sheet ▾

Status Conference Sheet

Comment
emailed to attorney

07/19/2019 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
of s/c notice

07/19/2019 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
Issued 1 citation @ $8.00 along with S/C sheet. Emailed to attorneys
office /RG

07/19/2019 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
Issued 1 citation @ $8.00 along with S/C sheet. Emailed to attorneys
office /RG

07/19/2019 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
E-mail confirmation for 2 Citations

08/08/2019 Return of Service on Citation/Subpoena ▼

ROS Bulliner

Comment
Return of Service - Bulliner

08/08/2019 Return of Service on Citation/Subpoena ▼

ROS State Farm

Comment
Return of Service - State Farm

08/19/2019 Original Answer ▼

Defendants' Original Answer

Comment
Defendants' Original Answer

10/10/2019 Status Conference ▼

Judicial Officer
Grady, Patricia

Hearing Time
9:15 AM

## Financial

Higgins, Brenda

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $350.00 |
| | Total Payments and Credits | | | $350.00 |
| 7/19/2019 | Transaction Assessment | | | $348.00 |
| 7/19/2019 | Payment | Receipt # 2019-29979-DC | Higgins, Brenda | ($348.00) |
| 8/8/2019 | Transaction Assessment | | | $2.00 |

| 8/8/2019 | Payment | Receipt # 2019-32919-DC | Higgins, Brenda | ($2.00) |

State Farm Lloyds

| | Total Financial Assessment | | | $42.00 |
| | Total Payments and Credits | | | $42.00 |

| 8/20/2019 | Transaction Assessment | | | $42.00 |

| 8/20/2019 | Payment | Receipt # 2019-34609-DC | State Farm Lloyds | ($42.00) |

## Documents

Plaintiff Original Petition

Request for Service

Status Conference Sheet

Receipt Acknowledge

Citation Issuance - Work Product

Citation Issuance - Work Product

Receipt Acknowledge

ROS Bulliner

ROS State Farm

Defendants' Original Answer